# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. GREGORY, JR., | ) | CASE NO. 5:17CV626 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| EDWARD SHELDON, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On March 24, 2017, petitioner David A. Gregory, Jr. ("Gregory"), a state inmate, filed a *pro se* petition for a writ of habeas corpus. (Doc. No. 1 (Petitioner).) He challenges his convictions for illegal assembly or possession of chemicals for the manufacture of drugs and attempted prohibitions concerning pseudoephedrine products. Now before the Court is Gregory's motion for summary judgment. (Doc. No. 11 ["MSJ"].)

In support of his motion, Gregory insists that "[h]e is innocent of the charge presently keeping him incarcerated." (MSJ at 563, page number refers to the page identification number generated by the Court's electronic docketing system.) He posits that "if this court reviews all facts and evidence submitted within his petition, it would agree that he should not be incarcerated." (*Id.*) According to Gregory, he "has appealed his conviction the best that he could throughout the entire Ohio court system and only has this final opportunity to prove his grievance in this court." (*Id.*)

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000) (quotation marks and citation omitted); *see* Fed. R. Civ. P. 56(a). The summary judgment rule applies to habeas proceedings. *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001). But a federal district court should not enter a summary judgment in a habeas case if the pleadings or papers present a genuine issue of fact or law. *United States v. DeRobertis*, 718 F.2d 209, 211 (7th Cir. 1983).

The answer of respondent Edward Sheldon ("Sheldon") challenges the claims raised in the habeas petition, arguing that they are procedurally defaulted, legal non-cognizable on habeas review, or otherwise conclusively refuted by the facts established by the state appellate court. (Doc. No. 9 (Respondent's Answer/Return of Writ).) At a minimum, Sheldon's answer shows sufficient disagreement based upon case law and sound legal reasoning that summary judgment in favor of Gregory is not appropriate. Moreover, pursuant to Local Rule 72.2(b)(2), an automatic reference has been made to a magistrate judge for the purpose of preparing a report and recommendation on Gregory's petition. The magistrate judge has issued his R&R, and the parties may file objections to the R&R as provided for by Fed. R. Civ. P. 72 and L.R. 72.3. (*See* Doc. No.13.) The Court shall make its determination as to Gregory's petition after it has reviewed the R&R and considered the objections to it, should any be filed.

Accordingly, and for all of the foregoing reasons, Gregory's motion for summary judgment is DENIED.

**IT IS SO ORDERED**.


Dated: May 13, 2019

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**