# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. GREGORY, JR., | ) | CASE NO. 5:17CV626 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| EDWARD SHELDON, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. No. 13 ["R&R"]) recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner David A. Gregory, Jr. ("Gregory") filed objections to the R&R. (Doc. No. 15 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Gregory's objections, adopts the R&R[1], and dismisses Gregory's petition for a writ of habeas corpus.

---

[1] In addition to recommending dismissal of this action, the R&R recommends that the Court deny Gregory's motion for summary judgment. (R&R at 568, all page numbers refer to the page identification number generated by the Court's electronic docketing system; *see* Doc. No. 11 ["MSJ"].) Because the Court denied the summary judgment motion, the portion of the R&R recommending dismissal of Gregory's dispositive motion is MOOT. (*See* Doc. No. 14, Memorandum Opinion and Order.)

I. BACKGROUND

Gregory filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 24, 2017, 2016. (Doc. No. 1 ["Pet."].) Gregory seeks relief from the sentence issued by the state trial court following a jury trial in which the jury returned guilty verdicts against Gregory for illegal assembly or possession of chemicals for the manufacturer of drugs and attempted prohibitions concerning pseudoephedrine products. The magistrate judge summarized the factual predicate for these offenses, as determined by the state appellate court, as well as Gregory's efforts to appeal his convictions in the state courts. (R&R at 569-74.) Gregory does not challenge the accuracy of the magistrate judge's summary of the procedural history and state appellate court's fact-findings. Because the summary accurately reflects the factual and procedural posture of the case, the Court will accept the magistrate's summary, as if rewritten herein. (*See id.*)

Gregory raised eight grounds for relief in his habeas petition. The R&R recommended a finding that the first seven grounds are procedurally defaulted.[2] (R&R at 578–84.) The eighth ground purported to raise a stand-alone actual innocence claim based on what Gregory represented was newly discovered evidence. In support of this claim, Gregory offered his own affidavit, and the affidavit of a second witness, challenging the trial testimony of one of the state's witnesses. (Doc. No. 1–1 (Affidavit of Jennifer Penrod ["Penrod Aff."]); Doc. No. 1–3 (Affidavit of David A. Gregory, Jr. ["Gregory Aff."]).) The magistrate judge determined that the asserted ground was not cognizable on federal habeas review. (*Id.* at 584–86.) To the extent's

---

[2] Specifically with respect to grounds four and five, the R&R recommended that the Court find that the claims are procedurally defaulted to the extent they challenged the convictions as constitutionally vague, but suggested the Court find that the claims are not cognizable on habeas corpus review to the extent they urged a finding that Gregory's convictions were against the manifest weight of the evidence. (R&R at 582-83.)

that this actual innocence claim was being offered to revive the first seven procedurally barred grounds, the magistrate judge recommended that the Court find that this evidence failed to satisfy the demanding standard of showing that Gregory was actually innocent of the charges. (*Id*. at 586-87.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be

additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, -- U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

### III. PETITIONER'S OBJECTIONS

Though titled "Objection to the Report and Recommendation of Magistrate Judge," Gregory does not identify *any* objection he has to the R&R, or for that matter, even mention the R&R in the body of his memorandum. (Obj. at 592, capitalization omitted.) Rather, much of the filing is devoted to a review of the factual and procedural background of the case and Gregory's conclusion that he "was not treated fairly at all" in the state court. (*Id*. at 596.) In essence, Gregory simply invites the Court to re-weigh the evidence offered at trial in state court, resolve any and all contradictions anew, and arrive at a conclusion contrary to the jury and the state appellate court. (*See id*. ["The Court should take into consideration the lies/inconsistencies in this case and reverse Mr. Gregory's convictions."]) The Court declines the invitation because such an

4

exercise would not be appropriate on federal habeas review. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (A federal habeas court does not reweigh the evidence adduced at trial, nor judge anew the credibility of witnesses. If there are conflicts of evidence or conflicting inferences arising from the facts, the court must presume that the trier of fact resolved those conflicts in favor of the state and defer to that decision).

Even affording Gregory's filing a liberal interpretation that is appropriate for *pro se* filings, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the vast majority of the document cannot be interpreted as raising legitimate objections to the R&R. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error are too general.") (quotation marks and citation omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

The only argument that even touches upon the magistrate judge's threshold finding that Gregory's cognizable claims are procedural defaulted is his argument that the State's witness—Frank Boychi—was incredible. (Obj. at 596 ["Mr. Boychi is clearly a liar and was caught lying to law enforcement. Mr. Boychi lied on Mr. Gregory in order to escape from being in as much trouble that was previously in. He is to be seen as 'not credible' and his testimony should not have been believed at all!"], punctuation in original.) While Gregory did attempt to set forth a stand-alone claim of actual innocence, the Court will generously construe these remarks, as well

as the affidavits he offers in support of his petition, as also attempting to overcome his procedural default.

Generally, a federal court will not review a procedurally defaulted claim on habeas corpus review "[o]ut of respect for finality, comity, and the orderly administration of justice[.]" *Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "This is a corollary to the rule that 'federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds.'" *Nelloms v. Jackson*, 129 F. App'x 933, 937 (6th Cir. 2005) (quoting *Dretke*, 541 U.S. at 392)). "The only exceptions to this rule are when a state prisoner can demonstrate cause for the procedural default and prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to review the constitutional claim will result in a fundamental miscarriage of justice." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)); *see Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citations omitted).

A prisoner can establish a fundamental miscarriage of justice by showing that "'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (further quotation marks and citation omitted)); *see Souter v. Jones*, 395 F.3d 577, 589–90 (6th Cir. 2005) (a prisoner must "'present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'") (quoting *Schlup*, 513 U.S. at 316). In other words, he must demonstrate that "'a constitutional violation has probably

resulted in the conviction of one who is actually innocent.'" *See Schlup*, 513 U.S. at 324 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Gregory supports his actual innocence claim with the affidavit of Jennifer Penrod, the third individual who was in Gregory's vehicle when he and Boychi were pulled over by the police. Challenging Boychi's trial testimony that the lithium batteries found in a grocery bag in the backseat of the vehicle belonged to Gregory, Penrod avers that neither she nor Gregory knew the contents of the bag. The Court agrees with the magistrate judge that this evidence falls well short of showing that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See Schlup*, 513 U.S. at 324, 327.

As an initial matter, the evidence does not even qualify as newly discovered as it was known to Gregory at the time of trial.[3] *See Townsend v. Sain,* 372 U.S. 293, 317, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963) (defining newly-discovered evidence as "evidence which could not reasonably have been presented to the state trier of facts"), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992). It cannot, therefore, serve as new reliable evidence that could have been utilized on habeas review to demonstrate a fundamental miscarriage of justice sufficient to permit him to overcome his

---

[3] In his federal petition, Gregory's second claim alleged that his trial counsel committed ineffective assistance of counsel when he, among other purported failings, neglected to call Penrod as a witness at trial. (Pet. at 5.) As set forth above, this claim was procedurally defaulted.

procedural default. *See Duffy v. Collins*, No. 99–4251, 230 F.3d 1358 (6th Cir. Sept. 25, 2000) (Table), 2000 WL 1477226, at *2 (petitioner improperly "relies on allegedly exculpatory DNA evidence which was available to him prior to trial" to attempt to establish the potential for a miscarriage of justice.)

Of course, even if the Court considered the Penrod affidavit—along with Gregory's other attacks upon Boychi's credibility—this showing represents, at best, "a classic swearing match between evidence produced at trial and post-trial affidavits that lack any indicia of reliability." *See Chavis-Tucker v. Hudson*, 348 F. App'x 125, 137 (6th Cir. 2009) (quotation marks and citation omitted); *see also Sawyer v. Whitley*, 505 U.S. 333, 349, 112 S. Ct. 2514, 2524, 120 L. Ed. 2d 269 (1992) ("This sort of latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of Shano's account of petitioner's actions."); *see, e.g., Weaver v. Attorney Gen. of Mont.*, 370 F. App'x 869, 870 (9th Cir. 2010) (holding that new evidence "tending to undercut the credibility of the state's key witness" did not establish actual innocence).

Moreover, as the magistrate judge correctly noted, Gregory's post-trial affidavits were limited to the contents of the grocery bag found in Gregory's car. However, most of the lithium batteries found in the car, and believed by the police to have been part of a drug manufacturing operation, were found in a box that an officer saw Gregory carry from his house and place in the vehicle. (R&R at 587, citing state court record.) The officer's trial testimony to that effect

represented evidence of Gregory's guilt independent of Boychi's testimony. Consequently, Gregory's evidence fails to establish that his is the rare case wherein alleged constitutional errors probably resulted in the conviction of one who is actually innocent of the underlying offenses.[4] *Dretke*, 541 U.S. at 388. Therefore, the procedural default is not excused.

## IV. CONCLUSION

The Court has reviewed the magistrate judge's R&R and ADOPTS the same. Accordingly, the Court OVERRULES the objections and DISMISSES the petition. Further, the

---

[4] In his objections, Gregory also argues that it was unfair for the police to have followed Gregory's vehicle "for over 2 miles before deciding to pull him over next to [Barberton High School] when they could've pulled him over far before that area." (Obj. at 596.) He complains that such conduct renders his conviction under Ohio Rev. Code § 2925.041(C), relating to the school enhancement, "unconstitutionally vague." (*Id.*) In rejecting a similar argument on direct appeal, the state appellate court observed:

> Mr. Gregory contends that he was only found guilty of the enhancement because police chose to stop his car in front of the school. It appears that Mr. Gregory argues that the statute is subject to arbitrary enforcement, as according to Mr. Gregory, the police can determine whether Mr. Gregory would be subject to a penalty enhancement by deciding where to stop him. While it is true that the police stopped Mr. Gregory's vehicle when he was within five feet of the school grounds, it was Mr. Gregory who decided to drive past the school with the batteries he intended to use to manufacture methamphetamine. There is nothing in the record that suggests the police interfered with Mr. Gregory's intended route and caused him to drive past the school. The crime at issue lies not in being stopped by the police in the vicinity of the school, it lies in committing the offense, i.e. possessing the chemical or chemicals, in the vicinity of the school, with the intent to manufacture a controlled substance. *See* R.C. 2925.041(A), (C). Accordingly, it was Mr. Gregory's act of possessing batteries with the intention of manufacturing methamphetamine in a car that he drove past a school that caused him to be found guilty of violating the statue. Mr. Gregory has not met his burden of demonstrating plain error.

*State v. Gregory*, No. 27523, 2015 WL 757222,5 ¶ 39 (Ohio Ct. App. Nov. 25, 2015). The Court cannot find that the state appellate court's resolution of this claim "was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts[.]'" *Woods*, 135 S. Ct. at 1376 (quoting 28 U.S.C. § 2254(d)). Accordingly, to the extent that this argument represents an objection to the R&R, and is not otherwise waived or defaulted, it is OVERRULED.

Court **CERTIFIES** an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

    **IT IS SO ORDERED**.

Dated: August 8, 2019

    **HONORABLE SARA LIOI**
    **UNITED STATES DISTRICT JUDGE**